UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Garnishor, ) | |
| ) | |
| vs. ) | Case No. CR-00-10-C |
| ) | |
| LOLA FAYE DENTON, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CHESAPEAKE OPERATING, and its successors ) | |
| or assigns, ) | |
| ) | |
| Garnishee. ) | |

**ORDER DENYING APPLICATION
FOR POST-JUDGMENT WRIT OF GARNISHMENT**

The Plaintiff has applied for a writ of garnishment, and the Court denies the application without prejudice.[1]

The judgment debtor is Lola Faye Denton. In the application, the Plaintiff states that two entities - "Tee Pee Properties, L.L.C." and "Twin Oaks Enterprises, Inc." - are owned by Ms. Denton and have a substantial nonexempt interest. The threshold issue is whether the Plaintiff has alleged Ms. Denton's ownership of a substantial nonexempt interest in property held by the garnishee. The Court answers in the negative.

---

[1] By necessity, the Court has addressed the Plaintiff's *ex parte* application without the benefit of briefing. If the Plaintiff reurges the application, he should present supporting authority in light of the discussion below.

The Plaintiff appears to assume that Tee Pee Properties, L.L.C. and Twin Oaks Enterprises, Inc. are alter-egos of the judgment debtor, Ms. Denton. The resulting question is whether the United States can garnish a third-party entity based on a belief that it is an alter-ego of the Defendant.

Under federal law, the Court is to issue a writ of garnishment only if the United States represents in its application "that the garnishee is believed" to possess property "in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(b)(1)(C).

In the application, the United States has alleged that:

- Tee Pee Properties, L.L.C. and Twin Oaks Enterprises, Inc. own a substantial nonexempt interest and

- Ms. Denton owns the two entities.[2]

Under the statute, a writ of garnishment is available only upon an allegation that Chesapeake Operating - the garnishee - has property in which Ms. Denton has a substantial nonexempt interest. 28 U.S.C. § 3205(b)(1)(C). The Plaintiff apparently suspects that property belonging to the two entities will ultimately filter down to Ms. Denton. But the statute requires more than that. The Plaintiff has not fulfilled the basic statutory duty to allege the garnishee's possession of property in which Ms. Denton has a substantial

---

[2/]   In the proposed writ, the Plaintiff seeks to obtain a writ of garnishment for property belonging not only to Ms. Denton, but also to Tee Pee Properties, L.L.C. and Twin Oaks Enterprises, Inc.

nonexempt interest.[3]  Accordingly, the Court overrules the application for a writ of garnishment.

So ordered this 5th day of December, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[3/]  *See Alejandre v. Telefonica Larga Distancia de Puerto Rico, Inc.*, 183 F.3d 1277, 1285-86 (11th Cir. 1999) (disallowing garnishment of a debt owed to a third-party on grounds that it was an alter-ego of the judgment debtor); *Virgo v. Riviera Beach Associates Ltd.*, 20 Fed. Appx. 348, 351 (6th Cir. Sept. 19, 2001) (unpublished op.) (holding that Tennessee law does not authorize garnishment of property belonging to a third-party based on a belief that it is an alter-ego of the defendant unless such status has already been established); *In re Texas American Express, Inc.*, 190 S.W.3d 720, 726 (Tex. App. 2005) (holding that a writ of garnishment cannot be issued against a third-party based on an alter-ego theory if the determination of such status lies within the discretion of the fact-finder); *Reading & Bates Construction Co. v. Baker Energy Resources Corp.*, 649 So. 2d 581, 582 (La. App. 1994) (rejecting an effort to use summary garnishment proceedings to extend liability to a third-party under an alter-ego theory).